UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                         CASE NO. 8:20-cr-220-T-02SPF
                                           21 U.S.C. § 846
                                           21 U.S.C. § 841

DARRON DEXTER MATTHEW MCNEAL,
JOSE ANGEL ANDUJAR,
    a/k/a "Zay,"
TYWON JAMARQUISE SPANN,
ANTONIO A. DIAZ, JR.,
    a/k/a "T.O.,"
JAMES EDWARD MOORE,
    a/k/a "Doc,"
ZARRON DEXTER MCNEAL,
OMAR RASHADA BACON,
    a/k/a "O," and
JUAN MANUEL CORRALES.



### INDICTMENT

The Grand Jury charges:

### COUNT ONE

Beginning on an unknown date, but not later than on or about June 14,

2019, and continuing through on or about October 31, 2019, in the Middle

District of Florida, the defendants,

DARRON DEXTER MATTHEW MCNEAL,
JOSE ANGEL ANDUJAR,
a/k/a "Zay,"
TYWON JAMARQUISE SPANN,
ANTONIO A. DIAZ, JR.,

a/k/a "T.O.,"
JAMES EDWARD MOORE,
a/k/a "Doc,"
ZARRON DEXTER MCNEAL,
OMAR RASHADA BACON,
a/k/a "O," and
JUAN MANUEL CORRALES,

did knowingly and willfully conspire with each other and other persons, both

known and unknown to the Grand Jury, to distribute and possess with intent

to distribute controlled substances.

With respect to the above-named defendants, the violation involved 5

kilograms or more of a mixture and substance containing a detectable amount

of cocaine, a Schedule II controlled substance, and 100 grams or more of a

mixture and substance containing a detectable amount of heroin, a Schedule I

controlled substance.

All in violation of 21 U.S.C. §§ 846, 841(b)(1)(A), and 841(b)(1)(B).

## COUNT TWO

On or about June 14, 2019, in the Middle District of Florida, the

defendant,

DARRON DEXTER MATTHEW MCNEAL and
TYWON JAMARQUISE SPANN,

while aiding and abetting each other, did knowingly and intentionally

distribute a controlled substance, which violation involved a mixture and

2

Case 8:20-cr-00220-WFJ-UAM   Document 1   Filed 07/14/20   Page 3 of 12 PageID 3

substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2.

## COUNT THREE

On or about July 3, 2019, in the Middle District of Florida, the defendant,

DARRON DEXTER MATTHEW MCNEAL and<br>
TYWON JAMARQUISE SPANN,

while aiding and abetting each other, did knowingly and intentionally distribute a controlled substance, which violation involved a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2.

## COUNT FOUR

On or about August 15, 2019, in the Middle District of Florida, the defendants,

DARRON DEXTER MATTHEW MCNEAL and<br>
ANTONIO A. DIAZ, JR.,

while aiding and abetting each other, did knowingly and intentionally distribute a controlled substance, which violation involved a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2.

## COUNT FIVE

On or about August 23, 2019, in the Middle District of Florida, the defendant,

TYWON JAMARQUISE SPANN,

did knowingly and intentionally distribute a controlled substance, which violation involved a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

## COUNT SIX

On or about August 28, 2019, in the Middle District of Florida, the defendant,

DARRON DEXTER MATTHEW MCNEAL,

did knowingly and intentionally distribute a controlled substance, which violation involved a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

## COUNT SEVEN

On or about August 30, 2019, in the Middle District of Florida, the defendant,

### TYWON JAMARQUISE SPANN,

did knowingly and intentionally distribute a controlled substance, which violation involved a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

## COUNT EIGHT

On or about September 12, 2019, in the Middle District of Florida, the defendant,

### ZARRON DEXTER MCNEAL,

did knowingly and intentionally distribute a controlled substance, which violation involved a mixture and substance containing a detectable amount of N–phenyl–N–[1–(2–phenylethyl)–4–piperidinyl] propanamide ("fentanyl"), a

Schedule II controlled substance, and heroin, a Schedule I controlled substance.

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

## COUNT NINE

On or about October 25, 2019, in the Middle District of Florida, the defendant,

JAMES EDWARD MOORE,
a/k/a "Doc,"

did knowingly and intentionally distribute a controlled substance, which violation involved a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

## COUNT TEN

On or about October 26, 2019, in the Middle District of Florida, the defendant,

JAMES EDWARD MOORE,
a/k/a "Doc,"

did knowingly and intentionally distribute a controlled substance, which violation involved a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

**COUNT ELEVEN**

On or about October 30, 2019, in the Middle District of Florida, the

defendant,

JOSE ANGEL ANDUJAR,
a/k/a "Zay,"

did knowingly and intentionally possess with intent to distribute a controlled

substance, which violation involved 500 grams or more of a mixture and

substance containing a detectable amount of cocaine, a Schedule II controlled

substance.

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).

**PREVIOUS CRIMINAL CONVICTIONS**

1.      For the purposes of this section, the allegations contained in

Counts One through Eleven are incorporated by reference.

2.      Before Defendant DARRON DEXTER MATTHEW MCNEAL

committed the offenses charged in Counts Two, Three, and Six, he was

convicted of two counts of possession of cocaine, one count of delivery of

cannabis within 1,000 feet of a school, and one count of possession of cocaine

with intent to sell, manufacture, or deliver within 1,000 feet of a public

housing facility. These offenses constitute felony drug offenses.

3.      Before Defendant JOSE ANGEL ANDUJAR, a/k/a "Zay"

committed the offenses charged in Counts One and Eleven, he was convicted

of one count of conspiracy to possess with intent to distribute 5 kg or more of cocaine, a serious drug felony, for which he served more than 12 months of imprisonment and for which he was released from serving the term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

4.      Before Defendant TYWON JAMARQUISE SPANN committed the offenses charged in Counts Five and Seven, he was convicted of one count of delivery of a controlled substance within 1,000 feet of a church, a felony drug offense.

5.      Before Defendant ANTONIO A. DIAZ, JR., a/k/a "T.O." committed the offense charged in Count One, he was convicted of one count of delivery of cocaine within 1,000 feet of a park, a serious drug felony, for which he served more than 12 months of imprisonment and for which he was released from serving the term of imprisonment related to that offense within 15 years of the commencement of the instant offense. Before Defendant ANTONIO A. DIAZ, JR., a/k/a "T.O." committed the offense charged in Count Four, he was convicted of one count of delivery of cocaine within 1000 feet of a public housing facility, one count of delivery of cocaine within 1,000 feet of a park, and one count of possession of cocaine. These offenses constitute felony drug offenses.

8

6.     Before Defendant JAMES EDWARD MOORE, a/k/a "Doc" committed the offense charged in Count One, he was convicted of five counts of delivery of cocaine within 1,000 feet of a school, two counts of delivery of cannabis within 1,000 feet of a school, and one count of possession of cocaine with intent to deliver within 1,000 feet of a school. These offenses constitute serious drug felonies, for which he served more than 12 months of imprisonment and for which he was released from serving the term of imprisonment related to those offenses within 15 years of the commencement of the instant offense. Before Defendant James Edward Moore, a/k/a "Doc" committed the offenses charged in Counts Nine and Ten, he was convicted of one count of possession of a controlled substance, six counts of possession of cocaine,  five counts of delivery of cocaine within 1,000 feet of a school, two counts of delivery of cannabis within 1,000 feet of a school, and one count of possession of cocaine with intent to deliver within 1,000 feet of a school. These offenses constitute felony drug offenses.

7.     Before Defendant ZARRON DEXTER MCNEAL committed the offense charged in Count Eight, he was convicted of one count of possession of heroin, one count of possession of heroin with intent to sell or deliver, and two counts of possession of cocaine. These offenses constitute felony drug offenses.

9

## FORFEITURE

1.    The allegations contained in Counts One through Eleven are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 21 U.S.C. § 853.

2.    Upon conviction of a violation of 21 U.S.C. §§ 841 or 846, the defendants shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a)(1) and (2), any property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

3.    The property to be forfeited includes, but is not limited to, a judgment in the amount each of the defendants obtained as a result of the offense.

4.    If any of the property described above, as a result of any acts or omissions of the defendants:

        a.    cannot be located upon the exercise of due diligence;

        b.    has been transferred or sold to, or deposited with, a third party;

        c.    has been placed beyond the jurisdiction of the Court;

        d.    has been substantially diminished in value; or

10

e.   has been commingled with other property, which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

A TRUE BILL,

_____
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Callan L. Albritton
Assistant United States Attorney

By: _____
James C. Preston, Jr.
Assistant United States Attorney
Deputy Chief, Violent Crimes and Narcotics Section

11

## UNITED STATES DISTRICT COURT
### Middle District of Florida
### Tampa Division

### THE UNITED STATES OF AMERICA

vs.

DARRON DEXTER MATTHEW MCNEAL,
JOSE ANGEL ANDUJAR, a/k/a "Zay,"
TYWON JAMARQUISE SPANN,
ANTONIO A. DIAZ, JR., a/k/a "T.O.,"
JAMES EDWARD MOORE, a/k/a "Doc,"
ZARRON DEXTER MCNEAL,
OMAR RASHADA BACON, a/k/a "O," and
JUAN MANUEL CORRALES

### INDICTMENT

Violations:   Title 21, United States Code, Section 846
              Title 21, United States Code, Section 841

A true bill,

_____
Foreperson

Filed in open court this 14th day of July, 2020.

_____
Clerk

Bail $_____