```
 1                IN THE UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
 2                        TAMPA DIVISION

 3

 4   UNITED STATES OF AMERICA,      )
                                    )
 5               Plaintiff,         )
                                    )
 6                                  ) Case No.
            vs.                     ) 8:20-CR-00220-WFJ-MRM-4
 7                                  )
                                    )
 8   ANTONIO A. DIAZ, JR.,          )
                                    )
 9               Defendant.         )

10

11

12   _____

13                   CHANGE OF PLEA HEARING
             BEFORE THE HONORABLE SEAN P. FLYNN
14              UNITED STATES MAGISTRATE JUDGE

                        AUGUST 4, 2021
15                       11:43 A.M.
                        TAMPA, FLORIDA
16   _____

17

18

19

20

21       Proceedings transcribed via courtroom digital audio
     recording by transcriptionist using computer-aided
22   transcription.

23   _____

                   DAVID J. COLLIER, RMR, CRR
24              FEDERAL OFFICIAL COURT REPORTER
             801 NORTH FLORIDA AVENUE, 7TH FLOOR
25                TAMPA, FLORIDA  33602
```

1    **APPEARANCES:**

2

3    **FOR THE GOVERNMENT:**

4

5                Callan Albritton

6                United States Attorney's Office

7                400 North Tampa Street, Suite 3200

8                Tampa, Florida  33602

9                (813) 274-6000

10

11

12   **FOR THE DEFENDANT ANTONIO A. DIAZ:**

13

14               Alex R. Stavrou

15               Alex R. Stavrou, P.A.

16               13046 Racetrack Road, Suite 333

17               Tampa, Florida  33626

18               (813) 251-1289

19

20

21

22

23

24

25

```
 1
 2                    P R O C E E D I N G S
 3                      - - - o0o - - -
 4          THE COURT:  Good morning, everyone.
 5          MR. STAVROU:  Good morning, sir.
 6          MR. ALBRITTON:  Good morning, Your Honor.
 7          THE COURT:  Mr. Calderon, would you please call the
 8 case.
 9          COURTROOM DEPUTY:  In the matter of the United States
10 of America versus Antonio A. Diaz, Jr., Criminal Case Number
11 8:20-CR-220-WFJ-SPF.
12          THE COURT:  Counsel, please make appearances.
13          MR. ALBRITTON:  Good morning, Your Honor.  Assistant
14 United States Attorney Callan Albritton for the United States.
15          THE COURT:  Good morning.
16          MR. STAVROU:  Good morning, Your Honor.  Alex Stavrou
17 on behalf of the defendant, Antonio Diaz, who is present to my
18 right.
19          THE COURT:  Good morning, and good morning to you,
20 Mr. Diaz.
21          THE DEFENDANT:  Good morning.
22          THE COURT:  All right.  Mr. Diaz, it's my
23 understanding that you are here today because you intend to
24 plead guilty to Count One of the indictment.  Is that what you
25 intend to do, sir?
```

```
 1              THE DEFENDANT:  Yes, sir.

 2              MR. STAVROU:  Judge, we do still intend to plead, but

 3    we are going to ask that this be an open plea as opposed to the

 4    written terms of the plea agreement.

 5              THE COURT:  Okay.

 6              All right.  So, Mr. Diaz, what that means is you

 7    previously signed a plea agreement with the United States and

 8    that plea agreement was filed in the docket in this case.

 9    Do you understand that, sir?

10              THE DEFENDANT:  Yes, sir.

11              THE COURT:  And what your attorney is indicating

12    is that you wish to continue with your plea of guilty but you

13    don't want to do it pursuant to the plea agreement that you

14    signed.  Do you understand that?

15              THE DEFENDANT:  Yes, sir.

16              THE COURT:  All right.  Is that what you want to do

17    here today, sir?

18              THE DEFENDANT:  Yes, sir.

19              THE COURT:  All right.  Sir, it's your right to plead

20    guilty to this charge, but before the Court can accept your

21    guilty plea, I must find that you are doing so knowingly,

22    freely and voluntarily, and that there's a factual basis for

23    your plea.  Now, in order for me to make that determination,

24    I am going to have to ask you some questions here this morning

25    and I'm going to require that you answer those questions under
```

```
 1   oath.  Do you understand?

 2              THE DEFENDANT:  Yes, sir.

 3              THE COURT:  All right.  Mr. Diaz, if there's anything

 4   that I say during this hearing that you do not understand,

 5   please let me know and I'll be happy to explain it to you.

 6   You may also speak with your attorney, who is seated next to

 7   you, at any time during this hearing, and if you'd like an

 8   opportunity to speak with him in private, just let me know and

 9   we'll take a break and I will give you that opportunity.  Do

10   you understand?

11              THE DEFENDANT:  Yes, sir.

12              THE COURT:  All right.  At this time I'm going to ask

13   my courtroom deputy officer to please administer the oath to

14   Mr. Diaz.

15              COURTROOM DEPUTY:  Mr. Diaz, may you please stand and

16   raise your right hand.

17              Do you solemnly swear or affirm that the statements

18   you shall make in this cause shall be the truth, the whole

19   truth and nothing but the truth?

20              THE DEFENDANT:  Yes, sir.

21              COURTROOM DEPUTY:  Please state your name for the

22   record.

23              THE DEFENDANT:  Antonio Diaz.

24              COURTROOM DEPUTY:  Thank you.  You may be seated.

25              THE COURT:  All right.  Mr. Diaz, before we go any
```

1    further, I just want to make sure we're on the same page here.

2            According to your plea agreement, you are going to

3    plead guilty to Count One of the indictment, and the Government

4    as part of that plea agreement was going to dismiss Count Four

5    against you.  Do you recall that, sir?

6            THE DEFENDANT:  Yes, sir.

7            THE COURT:  All right.  Now, going forward here today

8    you intend to plead guilty to both Counts One and Four; is that

9    correct?

10           THE DEFENDANT:  Yes, sir.

11           THE COURT:  All right.  Because you have the option,

12    you could plead guilty to one of them and plead not guilty to

13    the other one, or plead not guilty to both and your case would

14    proceed to trial.  Do you understand that?

15           THE DEFENDANT:  Yes, sir.

16           THE COURT:  All right.

17           All right.  Sir, you've just taken the oath to tell

18    the truth.  If you do not tell the truth or you leave anything

19    important out, anything you say can be used against you in a

20    separate prosecution for perjury or making a false statement.

21    Do you understand?

22           THE DEFENDANT:  Yes, sir.

23           THE COURT:  In addition, any statements that you make

24    here today can be used against you in any proceeding if you

25    challenge the taking of the plea, the judgment, the conviction

1    or the sentence.  Do you understand?

2              THE DEFENDANT:  Yes, sir.

3              THE COURT:  All right.  Mr. Diaz, I'm going to begin

4    by asking you some questions to determine your competency.

5              How old are you, sir?

6              THE DEFENDANT:  30 years old.

7              THE COURT:  33?

8              THE DEFENDANT:  30 years old.

9              THE COURT:  30, sir?

10             And how far did you go in school?

11             THE DEFENDANT:  Tenth grade.

12             THE COURT:  All right.  Can you read and understand

13   English?

14             THE DEFENDANT:  Yes, sir.

15             THE COURT:  As you sit here today, are you under the

16   influence of any drugs, alcohol or medication?

17             THE DEFENDANT:  No, sir.

18             THE COURT:  Sir, have you previously been treated for

19   or suffered from any mental or emotional disease?

20             THE DEFENDANT:  Yeah, like before I turned 18 I was,

21   but not since I've been 18.

22             THE COURT:  All right.  And I'm sorry to ask you

23   this, sir, but just to determine your competency, what symptoms

24   or illnesses did you previously have regarding mental disease?

25             THE DEFENDANT:  I think it was ADHD, something like

1   that.

2          THE COURT:  Now, are you still experiencing symptoms

3   related to your ADHD?

4          THE DEFENDANT:  No.  Not really, no.

5          THE COURT:  Okay.  Are you able to think clearly here

6   today?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  Are you able to understand what I'm

9   saying to you?

10         THE DEFENDANT:  Yes, sir.

11         THE COURT:  Do you clearly understand where you are,

12  what you're doing and the importance of this proceeding?

13         THE DEFENDANT:  Yes, sir.

14         THE COURT:  To the best of your knowledge, are you

15  currently suffering from any mental or emotional disease?

16         THE DEFENDANT:  No, sir.

17         THE COURT:  Mr. Stavrou, do you have any concerns

18  regarding your client's competency?

19         MR. STAVROU:  I do not have any, Your Honor.

20         THE COURT:  And have you been able to effectively

21  communicate with your client and has he been able to assist in

22  his own defense?

23         MR. STAVROU:  Yes, he has, Your Honor.

24         THE COURT:  Thank you, sir.

25         All right.  Mr. Albritton, are there any other

1   questions you'd like me to ask the defendant regarding his

2   competency?

3              MR. ALBRITTON:  No, Your Honor.  Thank you.

4              THE COURT:  All right.  The Court finds Mr. Diaz

5   competent and will continue.

6              Now, Mr. Diaz, I'm a United States Magistrate Judge.

7   Your case is assigned to District Judge William Jung.  Now, a

8   magistrate judge is a judge of lesser authority.  You have the

9   right to have your guilty plea taken by the District Judge, or

10  you can consent to have your guilty plea taken by me here this

11  morning.  If you consent to have your guilty plea taken by me,

12  it will still be the District Judge who decides whether to

13  accept your plea, and if he accepts your plea, he will be the

14  one who imposes your sentence.  I will not be the judge who

15  sentences you.

16             I have with me on the bench a consent form that

17  appears to be signed by both you and your attorney indicating

18  that you wish to consent to have your guilty plea taken by me.

19  Is that what you intend to do, sir?

20             THE DEFENDANT:  Yes, sir.

21             THE COURT:  Or is that what you would like to do,

22  sir?

23             THE DEFENDANT:  Yes, sir.

24             THE COURT:  And did you make that decision after

25  speaking with your attorney?

```
1              THE DEFENDANT:  Yes, sir.

2              THE COURT:  Did anyone force, threaten, coerce or

3     intimidate you regarding your decision to consent to me?

4              THE DEFENDANT:  No, sir.

5              THE COURT:  All right.  I find that your waiver and

6     consent are made knowingly, freely and voluntarily, and

7     therefore I will continue.

8              Mr. Diaz, have you had the opportunity to review all

9     the facts and evidence in this case with your attorney?

10             THE DEFENDANT:  Yes, sir.

11             THE COURT:  Have you discussed with your attorney all

12    your options, including your option to take your case to trial?

13             THE DEFENDANT:  Yes, sir.

14             THE COURT:  Has your attorney done everything that

15    you've asked him to do?

16             THE DEFENDANT:  Yes, sir.

17             THE COURT:  Was that a yes?

18             THE DEFENDANT:  Yes, sir.

19             THE COURT:  Are you fully satisfied with the advice

20    and representation that you've received from your attorney?

21             THE DEFENDANT:  Yes, sir.

22             THE COURT:  All right.  Sir, I'm now going to go over

23    the rights that you have to make sure that you're making an

24    informed decision, so please listen carefully.

25             You have the right to have the assistance of an
```

1   attorney at trial and at every stage of these criminal

2   proceedings, whether or not you can afford one.  Now, this

3   right continues whether you plead guilty or not guilty.

4           You have the right to plead not guilty, as you've

5   previously done, and to continue with that plea.  If you

6   continue with your plea of not guilty, you have the following

7   rights under the Constitution and laws of the United States.

8           You have the right to a speedy and public trial and

9   to be tried by a jury of 12 people.  If you're tried by a jury,

10  all 12 jurors must unanimously agree on your guilt before you

11  can be convicted.  You are presumed innocent, and before you

12  can be found guilty, the burden of proof is on the

13  United States to prove your guilt by competent and sufficient

14  evidence beyond a reasonable doubt.  You do not have to prove

15  that you are innocent.

16          Now, at trial, witnesses for the United States must

17  come into the courtroom and testify in front of you.  You have

18  the right to confront those witnesses, that is, to see, hear,

19  question and cross-examine them.  You also have the right to

20  present your own evidence and to present your own witnesses.

21  If your witnesses will not come voluntarily, the Court can

22  issue orders to make them come, to compel their attendance.

23          You also have the right to choose whether to testify

24  at your trial.  Now, the choice to testify would be entirely up

25  to you, and if you choose not to testify, that decision cannot

1    be held against you.

2              Do you understand these rights, sir?

3              THE DEFENDANT:  Yes, sir.

4              THE COURT:  Now, if you plead guilty to Counts One

5    and Four of the indictment, you will waive and give up the

6    trial rights I just told you about, there will be no trial, on

7    your guilty plea the District Judge will find you guilty and

8    convict you.

9              Now, a plea of guilty admits the truth of the charges

10   in Counts One and Four and a plea of not guilty denies those

11   charges.  Do you understand the difference between pleading

12   guilty and not guilty?

13             THE DEFENDANT:  Yes, sir.

14             THE COURT:  Now, by pleading guilty you waive and

15   give up your right to trial, to confrontation and

16   cross-examination of Government witnesses, and to the

17   compulsory process for attendance of defense witnesses at

18   trial.  By pleading guilty you also waive and give up your

19   right to challenge the way in which the Government obtained any

20   evidence, statement or confession.  In addition, by pleading

21   guilty you may lose the right to challenge on appeal any

22   rulings which the Court has made in your case.  Because there

23   will be no trial, the next proceeding would be your sentencing.

24             Do you fully understand your rights and the rights

25   you'd be giving up by pleading guilty?

```
 1                THE DEFENDANT:  Yes, sir.
 2                THE COURT:  Now, by pleading guilty to these felonies
 3    you may lose certain civil rights, such as your right to vote,
 4    hold public office, serve on juries and own and possess
 5    firearms.  A felony conviction may also prevent you from
 6    obtaining or keeping certain occupational licenses.
 7                Now, because the offense to which you'll be pleading
 8    guilty is a drug crime, you may also lose the right to
 9    participate in certain Federal benefit programs.
10                Now, if convicted, a defendant who is not a
11    United States citizen may be removed from the United States,
12    denied citizenship and denied admission to the United States in
13    the future.
14                Do you fully understand the consequences of pleading
15    guilty?
16                THE DEFENDANT:  Yes, sir.
17                THE COURT:  So, Mr. Albritton, I assume that the
18    defendant just decided to plead open right before this hearing?
19                MR. ALBRITTON:  Yes, Your Honor.
20                THE COURT:  So what I need though is the notice of
21    the charge against him as to Count Four and the maximum
22    penalties for -- minimum and maximum penalties for that charge.
23                MR. ALBRITTON:  If it's okay with Your Honor, I can
24    just -- I can just read it into the record right now.
25                THE COURT:  All right.  Well, let me -- I'll go
```

1  forward with Count One and then I'll let you read into the

2  record Count Four.  I didn't bring that on the bench with me

3  since I wasn't aware that it was going to be an open plea.

4          MR. STAVROU:  And for the record, I don't have any

5  objection to him reading that into the record for purposes of

6  this morning.

7          THE COURT:  All right.  Thank you.

8          All right.  Mr. Diaz, I'm going to begin by advising

9  you as to Count One.

10         Now, Count One charges you with conspiracy to

11 distribute and possess with intent to distribute a controlled

12 substance, which violation involved 5 kilograms or more of a

13 mixture and substance containing a detectable amount of

14 cocaine.

15         Now, the elements of Count One which the Government

16 must prove beyond a reasonable doubt are as follows:  First,

17 that two or more people in some way agreed to try to accomplish

18 a shared and unlawful plan to possess a mixture or substance

19 containing a detectable amount of cocaine; second, the

20 defendant knew the unlawful purpose of the plan and willfully

21 joined in it; and, third, the object of the unlawful plan was

22 to possess with intent to distribute 5 kilograms or more of a

23 mixture or substance containing a detectable amount of cocaine.

24         Mr. Albritton, did I accurately state the elements of

25 Count One?

```
1              MR. ALBRITTON:  Yes, Your Honor.

2              THE COURT:  Mr. Stavrou, did I accurately state the

3    elements of Count One, sir?

4              MR. STAVROU:  Yes, Your Honor.

5              THE COURT:  All right.  Mr. Diaz, do you understand

6    what you've been charged with in Count One, sir?

7              THE DEFENDANT:  Yes, sir.

8              THE COURT:  And do you understand the elements of

9    that charge?

10             THE DEFENDANT:  Yes, sir.

11             THE COURT:  All right, sir.  Now, in Count Four

12   you've been charged with, on or about August 15, 2019, in the

13   Middle District of Florida, while aiding and abetting

14   Darron Dexter Matthew McNeal, you did knowingly and

15   intentionally distribute a controlled substance, which

16   violation involved a mixture and substance containing a

17   detectable amount of cocaine, a Schedule II controlled

18   substance, in violation of 21 U.S.C. Sections 841(a)(1) and

19   841(b)(1)(C) and 18 U.S.C. Section 2.

20             All right.  Mr. Albritton, do you want to read into

21   the record the elements of Count Four, sir?

22             MR. ALBRITTON:  Yes, Your Honor.

23             The elements of Count Four, this is the distribution

24   count, is that, first, on the date alleged in the indictment,

25   defendants transferred a controlled substance, which violation
```

1   involved a mixture and substance containing a detectable amount
2   of cocaine, to another person; second, that the defendant knew
3   that the substance he was distributing was a controlled
4   substance; and, third, that the defendant acted intentionally.
5          THE COURT:  This is an aiding and abetting count;
6   is that correct?
7          MR. ALBRITTON:  Well, there -- the Government alleged
8   they're aiding and abetting each other, Your Honor.
9          THE COURT:  Right.  Is that the correct elements for
10  Count Four?
11         MR. ALBRITTON:  Yes, Your Honor.  That would just be
12  the standard distribution count.
13         THE COURT:  All right.  Mr. Stavrou, do you agree
14  that that's the correct elements for Count Four, sir?
15         MR. STAVROU:  I do agree, Your Honor.
16         THE COURT:  All right.  Mr. Diaz, do you understand
17  what you've been charged with in Count Four, sir?
18         THE DEFENDANT:  Yes, sir.
19         THE COURT:  Do you understand the elements of that
20  charge, sir?
21         THE DEFENDANT:  Yes, sir.
22         THE COURT:  All right, sir.  At this time I'm now
23  going to advise you of the minimum and maximum penalties that
24  you face.
25         Now, with respect to Count One, Count One is

1  punishable by a mandatory minimum term of imprisonment of

2  ten years, up to life, a fine not to exceed $10 million, a term

3  of supervised release of at least five years, and a special

4  assessment of $100.

5          With respect to certain offenses the Court shall

6  order the defendant to make restitution to any victim of the

7  offense, and with respect to other offenses the Court may order

8  the defendant to make restitution to any victim of the offense

9  or to the community as set forth in -- as set forth here today.

10         In addition, I just want to point out that you are

11  subject to a mandatory minimum sentence of ten years

12  imprisonment and a maximum sentence of life imprisonment as to

13  Count One because of the following facts that will be admitted

14  by you and established by your plea of guilty.  Those facts are

15  as follows:  That the amount of the mixture and substance

16  containing a detectable amount of cocaine that the defendant

17  conspired to distribute and possessed with intent to distribute

18  was 5 kilograms or more.

19         Mr. Albritton, did I accurately state the minimum and

20  maximum penalties as to Count One?

21         MR. ALBRITTON:  Yes, Your Honor.

22         THE COURT:  Mr. Stavrou?

23         MR. STAVROU:  Yes, sir, Your Honor.

24         THE COURT:  Mr. Diaz, do you understand the minimum

25  and maximum penalties that you face as to Count One?

1           THE DEFENDANT:  Yes, sir.

2           THE COURT:  All right.  Mr. Albritton, would you

3    please read the minimum and maximum penalties as to Count Four.

4           MR. ALBRITTON:  Yes, Your Honor.

5           As to Count Four, which is the distribution count,

6    that count is -- again, Your Honor, I'm just saying all this

7    for the record -- is punishable by 841(b)(1)(C).  The maximum

8    penalty for this count, Your Honor, is 20 years imprisonment,

9    there is no minimum mandatory, a fine not to exceed $1 million,

10   a term of supervised release of at least three years, a

11   $100 special assessment for this count, which for the record is

12   separate from the $100 special assessment of Count One.  What

13   Your Honor said regarding applicable restitution remains in

14   effect.  And in addition, I would add that defendant would be

15   subject to forfeiture, whatever forfeiture provisions are as

16   outlined in the indictment.

17          THE COURT:  All right.  Thank you, Mr. Albritton.

18          Mr. Stavrou, did Mr. Albritton accurately state the

19   minimum and maximum penalties for Count Four?

20          MR. STAVROU:  Yes, Your Honor, he did.

21          THE COURT:  All right.  Mr. Diaz, do you understand

22   the penalties that you face with respect to Count Four, sir?

23          THE DEFENDANT:  Yes, sir.

24          THE COURT:  All right.  Mr. Diaz, I'm going to take a

25   moment to explain to you supervised release, which will be part

1    of your sentence.

2         Now, after you're released from a term of

3    imprisonment, the Court will place you on a term of supervised

4    release, which will include certain restrictions on your

5    behavior.  Now, if you violate any of those restrictions while

6    on supervised release, the Court, after conducting a hearing,

7    could revoke your supervised release and sentence you to an

8    additional term of imprisonment.  Do you understand?

9         THE DEFENDANT:  Yes, sir.

10        THE COURT:  All right.  Mr. Diaz, do you have any

11   questions about anything we've gone over so far?

12        THE DEFENDANT:  No, sir.

13        THE COURT:  Do you understand everything we've

14   discussed, sir?

15        THE DEFENDANT:  Yes, sir.

16        THE COURT:  All right.  Mr. Diaz, I'm now going to go

17   over the sentencing process with you.

18        Now, the United States Sentencing Guidelines apply to

19   your case, and I want to make sure you understand how the

20   sentencing process works.

21        Now, in determining your sentence, the District Judge

22   must calculate the applicable sentencing guidelines range.

23   Now, the District Judge will make this determination after the

24   United States Probation Office has prepared the Presentence

25   Investigation Report.  Now, the purpose of this report, known

1   as a PSR, is to assist the sentencing judge in deciding what

2   sentence to give you.  It will advise the Judge about the facts

3   of your case, how the advisory sentencing guidelines apply to

4   you, and provide some personal information about you, including

5   whether you have a criminal history.

6           Now, before the District Judge sees this report, you

7   will have an opportunity to review it with your attorney.  If

8   you or your attorney disagrees with anything in the report, you

9   can ask the probation officer to change the report.  If the

10  probation officer refuses to change the report, your attorney

11  can take your objections to the District Judge.

12          Just as you have the right to object to what's in the

13  report, so does the prosecution.  Do you understand?

14          THE DEFENDANT:  Yes, sir.

15          THE COURT:  Now, in determining your sentence, the

16  District Judge must consider that range and any possible

17  departures under the sentencing guidelines and the factors

18  listed in 18 U.S.C. Section 3553(a).  Now, the District Judge

19  is not bound by the guidelines range.  He has the authority to

20  impose a sentence that is more severe or less severe than the

21  guidelines recommend.  He has the authority to impose any

22  sentence up to the maximum allowed by law.

23          Now, the United States may appeal a sentence that the

24  District Judge imposes.  That means the United States may ask a

25  higher court, the Court of Appeals, to reverse a sentence that

1    they believe is too low or based on sentencing guidelines

2    miscalculation.

3          Now, the sentence the District Judge imposes might be

4    different than any estimated sentence your attorney or anyone

5    else may have given you, it might be higher than you expect,

6    and if that happens you will still be bound by your guilty plea

7    and will not have the right to withdraw it.  Do you understand?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  Do you understand that, sir?

10         THE DEFENDANT:  Yes, sir.

11         THE COURT:  All right.  At this time I'm going to ask

12   the Government to please proffer the facts that they believe

13   they would prove beyond a reasonable doubt should this case

14   proceed to trial.

15         Mr. Diaz, I'm going to ask you to listen carefully,

16   because when Mr. Albritton is done I'm going to ask you whether

17   those facts are true.

18         Mr. Albritton.

19         MR. ALBRITTON:  Thank you, Your Honor.

20         Beginning on an unknown date, but no later than on or

21   about June 14th, 2019, and continuing through on or about

22   October 31st, 2019, in the Middle District of Florida,

23   defendant Antonio A. Diaz, Jr. participated in an unlawful

24   agreement with others to distribute and possess with intent to

25   distribute a controlled substance.  All of the events described

1    below occurred within the Middle District of Florida.

2            And I forgot to mention, Your Honor, for the record,

3    I'm just reading from the plea agreement facts.

4            On October 14th and 15th, 2019, (sic) a confidential

5    informant contacted McNeal, that would be Darron Dexter Matthew

6    McNeal, to purchase 3 ounces of cocaine.  On August 15th, 2019

7    the CI contacted Tywon Spann to ascertain the whereabouts of

8    McNeal.  Spann told the CI that Spann was waiting for McNeal to

9    bring him 20 ounces of cocaine.  When the CI spoke with McNeal

10   later, McNeal told the CI that McNeal was going to pick up a

11   "brick" that day, referring to a kilogram of cocaine.  The CI

12   eventually met with McNeal that day.  McNeal drove Antonio Diaz

13   to the meeting, and Diaz handed the CI the 3 ounces of cocaine.

14           During the time period in question, Darron Dexter

15   Matthew McNeal was a supplier of cocaine in the Robles Park

16   housing project in Tampa, Florida.  As part of the

17   investigation, agents began judicially-authorized

18   contemporaneous interception of wire and electronic

19   communication over two of McNeal's telephones.  During the

20   course of the interception, McNeal ordered a total of

21   7 kilograms of cocaine from José Andujar for distribution.

22   During the course of the investigation, agents seized

23   approximately 1.95 kilograms of cocaine from Andujar bound for

24   McNeal, and agents also seized money from Andujar which McNeal

25   had given Andujar for cocaine sold on consignment.  Wire and

1  electronic interceptions show that Diaz was a runner and driver

2  for McNeal.

3          All of the events I just described occurred in the

4  Middle District of Florida.  The events I just described, those

5  facts are merely a brief summary of the events, some of the

6  persons involved, and other information relating to this case.

7  It does not include, nor is it intended to include, all of the

8  events, persons involved, or other information relating to this

9  case.

10          THE COURT:  Thank you, Mr. Albritton.

11          Mr. Diaz, are the facts stated by Mr. Albritton true?

12          THE DEFENDANT:  Yes, sir.

13          THE COURT:  All right.  The Court finds that there is

14  a factual basis for your plea and will continue.

15          Now, Mr. Diaz, do you understand everything that we

16  discussed up to this point, including your rights, the rights

17  you'd be giving up by pleading guilty, the charges against you,

18  the potential penalties, the potential consequences, the

19  sentencing guidelines?

20          THE DEFENDANT:  Yes, sir.

21          THE COURT:  All right.  At this time, sir, I will

22  take your plea.

23          With respect to Count One of the indictment, how do

24  you plead, guilty or not guilty?

25          THE DEFENDANT:  Guilty.

```
1              THE COURT:  With respect to Count Four of the
2    indictment, how do you plead, guilty or not guilty?
3              THE DEFENDANT:  Guilty.
4              THE COURT:  All right.  Thank you, sir.  And I do
5    have some follow-up questions for you.
6              Are you pleading guilty freely and voluntarily and
7    because you believe it is in your best interest to do so?
8              THE DEFENDANT:  Yes, sir.
9              THE COURT:  Mr. Diaz, are you pleading guilty because
10   you are in fact guilty?
11             THE DEFENDANT:  Yes, sir.
12             THE COURT:  Did anyone force, threaten, coerce or
13   intimidate you regarding your decision to plead guilty?
14             THE DEFENDANT:  No, sir.
15             THE COURT:  Were there any promises or assurances of
16   any kind given to you in order to get you to plead guilty?
17             THE DEFENDANT:  No, sir.
18             THE COURT:  All right.  Mr. Albritton, is the
19   Government satisfied with the colloquy?
20             MR. ALBRITTON:  Yes, Your Honor.
21             THE COURT:  Mr. Stavrou, is the defense satisfied
22   with the colloquy?
23             MR. STAVROU:  Yes, Your Honor.
24             THE COURT:  Sir, are you satisfied that your client
25   knows what he's been charged with, that you've had sufficient
```

1    time to counsel with your client and that he's pleading guilty

2    freely and voluntarily, with full knowledge of the consequences

3    of his plea?

4             MR. STAVROU:  Yes, Your Honor.

5             THE COURT:  Thank you, sir.

6             All right.  Mr. Diaz, it's the finding of the Court

7    in this case that you are fully competent and capable of

8    entering an informed plea, you're aware of the nature of the

9    charges and the consequences of the plea, and that your plea of

10   guilty is knowing and voluntary and supported by an independent

11   basis in fact which satisfies each of the essential elements of

12   the offenses.

13            In my report to the District Judge, I will therefore

14   recommend that your pleas of guilty be accepted, that you be

15   adjudged guilty, and that your sentence be imposed accordingly.

16            Is there anything further from the Government,

17   Mr. Albritton?

18            MR. ALBRITTON:  Yes, Your Honor, just briefly.

19            And just because this is an open plea today, I know

20   that Mr. Diaz said that the United States -- he is -- there's

21   no promises made, and the United States would like to confirm

22   that as well, it's an open plea.  Although a plea agreement was

23   tendered, we proceeded open today.  The United States has made

24   no promises.

25            THE COURT:  All right.  Thank you, Mr. Albritton.

1              And, Mr. Diaz, let me address that briefly.

2              We talked at the beginning that you had a

3    plea agreement that you signed and that you decided to plead

4    guilty without the benefit of that plea agreement.  Do you

5    remember that, sir?

6              THE DEFENDANT:  Yes, sir.

7              THE COURT:  All right.  And you decided to do that

8    after consulting with your attorney; is that correct?

9              THE DEFENDANT:  Yes, sir.

10             THE COURT:  Are you comfortable and are you satisfied

11   with your decision to plead guilty without the benefit of a

12   plea agreement?

13             THE DEFENDANT:  Yes, sir.

14             THE COURT:  All right.  Is there anything further

15   from the defense?

16             MR. STAVROU:  Nothing further from the defense,

17   Judge.

18             THE COURT:  All right.  Thank you.  We're adjourned.

19             MR. STAVROU:  Thank you.

20             MR. ALBRITTON:  Thank you, Your Honor.

21                        - - - - -

22             (Proceedings concluded at 12:07 p.m.)

23                        - - - - -

24

25

```
1                  C E R T I F I C A T E

2

3         This is to certify that the foregoing transcript of

4  proceedings taken in a change of plea hearing in the United

5  States District Court is a true and accurate transcript of the

6  proceedings taken by me in machine shorthand from a digital

7  audio recording and transcribed by computer under my

8  supervision, this the 23rd day of February, 2023.

9

10

11                                   /S/ DAVID J. COLLIER

12

13                              DAVID J. COLLIER

14                              OFFICIAL COURT REPORTER

15

16

17

18

19

20

21

22

23

24

25
```